COLIN M. RUBICH
ZENO B. BAUCUS
TIMOTHY TATARKA
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Colin.Rubich@usdoj.gov
      Zeno.Baucus@usdoj.gov
      Timothy.Tatarka@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 21-79-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| SIGNAL PEAK ENERGY LLC, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Colin M. Rubich, Zeno B. Baucus, and Timothy Tatarka, Assistant United States Attorneys for the District of Montana, and the defendant company, Signal Peak Energy LLC, by and through its representative

Brian Murphy, and the defendant company's attorney, John Sullivan, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant company. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant company agrees to plead guilty to the counts in the information. Counts I-IV of the Information charge Violation of Mine Health or Safety Standard, in violation of 30 U.S.C. § 820(d). Because the defendant is a company, maximum penalty for Counts I-IV is a $250,000.00 fine for each count.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Federal Rule of Criminal Procedure 11(c)(1)(C). The defendant company and the United States agree that a specific disposition of a criminal fine in the amount of $250,000.00 for each count of conviction, for a total fine of $1,000,000.00, is the appropriate disposition of the case. In addition, the parties agree that a sentence of probation is appropriate. The defendant company understands that, under Federal Rule of Criminal Procedure 11(d)(2)(A), if the plea agreement is accepted by the Court, the defendant company will not have an automatic right to withdraw its plea. If the Court rejects the plea agreement, under

Federal Rule of Criminal Procedure 11(c)(5), the defendant company will be able to withdraw its guilty plea and the parties will proceed to trial.

*Agreement as to Restitution*: The defendant acknowledges and agrees to be responsible for complete restitution for any relevant conduct relating to the counts of conviction. 18 U.S.C. § 3663A(a)(3).

4. **Admission of Guilt:** The defendant company will plead guilty because the defendant company is guilty of the charges contained in the information. In pleading guilty to the information, the defendant company acknowledges that:

**First,** the defendant is an operator of a coal or other mine which is subject to the Mine Safety and Health Act,

**Second,** the defendant violated a mandatory health or safety standard or an order of withdrawal at that mine, and

**Third,** the violation was willful.

5. **Waiver of Rights by Plea:**

(a) The defendant company is entitled to have the charges outlined in the information filed in this case prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b) The government has a right to use against the defendant company, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c) The defendant company has the right to plead not guilty or to persist in a plea of not guilty.

(d) The defendant company has the right to a jury trial unless, by written waiver, the defendant company consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e) The defendant company has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant company and the defendant company's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant company is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant company's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant company. The defendant company would be able to confront those government witnesses and the defendant company's attorney would be able to cross-examine them. In turn, the defendant company could present witnesses and other evidence. If the witnesses for the defendant company would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i) At a trial, there is a privilege against self-incrimination so that the defendant company could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant company could exercise the choice to testify.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant company would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant company to reversal of the conviction.

---

\_\_\_\_\_  \_\_\_\_\_  \_\_\_\_\_  \_9/21/21\_
AUSA   DEF   ATTY   Date

(k)     The defendant company has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant company waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l)     The defendant company waives any and all claims concerning limitations and venue with respect to the charges contained in the Information.

The defendant company understands that by pleading guilty pursuant to this agreement, the defendant company is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.     **Recommendations:** This agreement is pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (C) and both parties agree to the specific sentenced outlined above. The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing



that are not inconsistent with the parties' agreement regarding the specific disposition of this case as described in section 3. The defendant company understands that the Court is not bound by the recommendations described in this section.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence – General:** The defendant company understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant company knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9. **Completion of Prosecution:** The United States agrees that if the defendant company complies with his obligations under the plea agreement, it will not charge the defendant company with any non-violent criminal offense in

violation of federal law which was committed within the District of Montana prior to the execution of this agreement, and about which the United States Attorney's Offices executing this document were aware prior to such execution. However, the United States expressly reserves its right to prosecute the defendant company for any crime of violence, as defined in 18 U.S.C. § 16.

10. **Voluntary Plea:** The defendant company and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

11. **Disclosure of Financial Information:** The defendant company authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant company to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant company through its investigation. The defendant company further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant company's ability to satisfy any financial obligation imposed by the Court.

12. **Breach:** If the defendant company breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant company may not withdraw the guilty plea.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

13.    **Entire Agreement:** Any statements or representations made by the United States, the defendant company, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

LEIF JOHNSON
Acting United States Attorney

_____
COLIN M. RUBICH
ZENO BAUCUS
TIMOTHY TATARKA
Assistant U. S. Attorney
Date: 9/21/21

_____
SIGNAL PEAK ENERGY
Defendant Company
Date: 9/15/2021

_____
JOHN D. SULLIVAN
Holland & HART LLP
Defense Counsel
Date: 9/21/21

AUSA   DEF   ATTY   Date                                          Page 10